## (June 12, 1972)

■ In the Matter of DOROTHY FREEDMAN et al., Appellants, v. FRANK COVENEY et al., Constituting the Board of Elections of the County of Suffolk, and ESPEDITO J. GATTO, Respondents. In the Matter of LEONORE TISMAN et al., Appellants, v. FRANK COVENEY et al., Constituting the Board of Elections of the County of Suffolk, and ESPEDITO J. GATTO, Respondents. In the Matter of ELEANOR FEINSTEIN et al., Appellants, v. FRANK COVENEY et al., Constituting the Board of Elections of the County of Suffolk, and ESPEDITO

J. GATTO, Respondents.— These are three separate proceedings to validate petitions designating the petitioners as candidates in the Democratic Party Primary Election to be held on June 20, 1972 for the party position of County Committeeman for separate Election Districts of the 8th Assembly District, Suffolk County, namely, for the 58th, the 83rd and the 102nd Election Districts, respectively, in the three proceedings. In each proceeding a separate judgment of the Supreme Court, Suffolk County, was entered on June 12, 1972, dismissing the proceeding. These appeals are from the three judgments. Judgments affirmed, without costs. Each order to show cause which commenced each of these proceedings provided for personal delivery of the order and supporting papers to the respondent-objector. It is clear that Mr. Justice Hill, in striking out the alternate provisions for personal service, by means of leaving the papers with a person of suitable age or by affixation, limited the permissible means of good and valid service to personal delivery. Accordingly, appellants' attempt to make substituted service by affixation and mailing was not compliance with the orders to show cause and the proceedings were not timely commenced. While it can be argued that greater liberality in the means of service should have been provided in the orders under the circumstances, appellants had a full opportunity to return to Mr. Justice Hill after being unable to personally deliver the papers and to seek a more liberal service provision in the orders; and, if such modification were refused, an application could have been made to this court or to a Justice thereof (CPLR 5704, subd. [a]). Hopkins, Acting P. J., Shapiro, Christ and Brennan, JJ., concur; Benjamin, J., dissents and votes to reverse the judgments and remand the proceedings to Special Term for hearings on the merits, with the following memorandum: In my opinion, Special Term exercised its discretion improvidently in striking alternative means of personal service from the orders to show cause and limiting appellants to personal delivery of the orders and supporting papers as the only permissible means of service. This restriction, coupled with a requirement that service be made within a matter of hours after the orders were signed, placed it within the objector's power to control the timeliness of the proceedings simply by making himself unavailable for service. Under such circumstances, I think appellants acted reasonably in resorting to affixation and mailing, an authorized means of personal service under CPLR 308 (subd. 4) when their attempts to make personal delivery of the papers were unsuccessful. There was no prejudice to respondents, who answered on the return date. The majority suggest that there were other courses of action appellants might have taken. In my view, no practical alternative was available. Under the Election Law, these proceedings had to be commenced by June 1. By 7:00 P.M. that evening, it had become apparent that personal delivery of the papers could not be accomplished. It is simply unrealistic to suggest that appellants should then have set out to find the Justice who had signed the order, tried to persuade him to enlarge the service provision and, if he declined, prepared another set of orders and supporting papers for presentation to this court or a Justice thereof. I think appellants acted reasonably in attempting to comply with the unduly restrictive service provision in the orders to show cause and that these proceedings should be heard on the merits.